11-3991-ag                                                    BIA
Zhang v. Holder                                         A070 852 230

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER
MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

XUE JIN ZHANG, AKA XUE JIN ZHENG,
> *Petitioner,*

v.                                            11-3991-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Zhou Wang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Yedidya Cohen, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Jin Zhang, a native and citizen of the People's Republic of China, seeks review of a September 15, 2011, decision of the BIA denying his motion to reopen his deportation proceedings. *In re Xue Jin Zhang*, No. A070 852 230 (B.I.A. Sept. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zhang's January 2011 motion to reopen was untimely because the BIA issued a final order of removal in December 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Zhang contends, however, that he established a material

change in conditions in China excusing the untimeliness of his motion to reopen on the basis of the enactment of the March 2005 Regulations of Religious Affairs. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). We conclude that the BIA's denial of Zhang's motion to reopen as untimely was not an abuse of discretion.

As the BIA determined, Zhang was unable to demonstrate a material change in conditions because he failed to present any evidence concerning the treatment of Chinese Christians at the time of his 2000 merits hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, the BIA's determination that China's promulgation of the March 2005 Regulations of Religious Affairs did not constitute a material change in circumstances is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). In assessing the March 2005 Regulations of

Religious Affairs, the BIA reasonably noted that Zhang's earliest country conditions evidence described a violent crackdown on an underground church in 2001, which predated the regulations' enactment. *See In re S-Y-G-*, 24 I. & N. Dec. at 253.

While Zhang takes issue with the BIA's finding that the country conditions evidence reflects a continuation, rather than a material change, in China's level of religious repression, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *Jian Hui Shao*, 546 F.3d at 171. Because the BIA's inference that conditions in China have not materially changed "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that "support for a contrary inference – even one more plausible or more natural – does not suggest error"). Moreover, given the BIA's explicit consideration of the March 2005 Regulations of Religious Affairs, Zhang's argument that the BIA ignored his comparison of religious regulations is not supported by the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency

"has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Because the BIA did not abuse its discretion in denying Zhang's untimely motion, we decline to address Zhang's prima facie eligibility for asylum and withholding of removal, as the BIA did not reach that issue. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
